UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ERICK LAZAR,

                    Plaintiff,

     -against-

CITY OF NEW YORK, RALPH TRICE, Individually,
ROBINSON MARTINEZ, Individually, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                    Defendants.

------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 05761 (JGK)

Jury Trial Demanded

      Plaintiff ERICK LAZAR, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

      4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff ERICK LAZAR is a thirty-one year old American citizen.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, RALPH TRICE, ROBINSON MARTINEZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On May 17, 2012 at approximately 11:45 p.m., plaintiff ERICK LAZAR was a pedestrian walking with his friend, Nicholas Bacchus, on the sidewalk of 29th Street near the corner of 5th Avenue in Manhattan, New York.

13. Both plaintiff and Mr. Bacchus were holding open containers of alcohol, which they had brought with them from the Ace Hotel, when the defendant NYPD police officers RALPH TRICE and ROBINSON MARTINEZ stopped both men, ordered them to put down their cups and requested their identification.

14. Plaintiff and Mr. Bacchus placed their drinks down and provided their identifications to the defendants.

15. Plaintiff, who had never been arrested before, inquired as to the consequences of his conduct and whether he was in trouble.

16. Defendant TRICE replied, stating in sum and substance, it's a summons, and began writing the summons.

17. While the defendant TRICE was writing the summons, plaintiff observed his cup of alcohol and, believing it to be prudent to empty and discard the cup, he poured out its contents.

18. Defendant TRICE immediately became incensed and yelled at plaintiff, in sum and substance, who do you think you are? And why did you do that?

19. Plaintiff apologized, and stated in sum and substance that he didn't mean to do anything wrong, that he has never been arrested, and that he did not mean any disrespect.

20. Defendant TRICE then brutally and unjustifiably grabbed plaintiff, slammed him to the ground, kneed him on his head, handcuffed him, and along with MARTINEZ imprisoned

him in a police vehicle.

21. The defendant officers issued Mr. Bacchus a summons and released him.

22. The defendant officers transported plaintiff to an NYPD police precinct and imprisoned him until his arraignment in New York County Criminal Court under docket number 2012NY039204. Defendant TRICE signed and swore to a criminal court complaint which was filed against plaintiff and which contained defendant TRICE'S manufactured and false allegations. Specifically, defendant TRICE falsely alleged that plaintiff pulled the cup out of defendant TRICE'S hand, shoved TRICE, refused to put his hands behind his back, flailed his arms, kicked at TRICE'S shins, and refused to get in the police vehicle. These allegations are completely false, manufactured, and were created to cover up the above mentioned acts of brutality and abuse of authority and to avoid punishment for said acts of brutality.

23. Defendants TRICE, MARTINEZ, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and engage in a practice of falsification.

26. Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them

28. As a result of the foregoing, plaintiff ERICK LAZAR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff ERICK LAZAR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ERICK LAZAR'S constitutional rights.

38. As a result of the aforementioned conduct of defendants, plaintiff ERICK LAZAR was subjected to excessive force and sustained serious physical injuries and emotional distress.

39. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants created false evidence against plaintiff ERICK LAZAR.

42. Defendants utilized this false evidence against plaintiff ERICK LAZAR in legal proceedings.

43. As a result of defendants' creation and use of false evidence, plaintiff ERICK LAZAR suffered a violation of his constitutional rights to a fair trial, as guaranteed by the Due Process Clause of the Sixth and Fourteenth Amendments of the United States Constitution.

44. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff ERICK LAZAR, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described herein.

7

48. As a result of the foregoing, plaintiff ERICK LAZAR was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

49. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants issued criminal process against plaintiff ERICK LAZAR by causing his arrest and prosecution in a criminal court.

52. Defendants caused plaintiff ERICK LAZAR to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid punishment for their acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

53. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

56. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ERICK LAZAR'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has

been deliberately indifferent to, the acts and conduct complained of herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ERICK LAZAR.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ERICK LAZAR as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ERICK LAZAR as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ERICK LAZAR was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ERICK LAZAR'S constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff ERICK LAZAR of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To be free from deprivation of his right to a fair trial;

    C. To be free from malicious abuse of process, and;

    D. To be free from the failure to intervene;

66. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

69. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71. Plaintiff has complied with all conditions precedent to maintaining the instant action.

72. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. As a result of the foregoing, plaintiff ERICK LAZAR was placed in apprehension of imminent harmful and offensive bodily contact.

75. As a result of defendant's conduct, plaintiff ERICK LAZAR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

76. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants made offensive contact with plaintiff ERICK LAZAR without privilege or consent.

79. As a result of defendants' conduct, plaintiff ERICK LAZAR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants issued criminal process against plaintiff ERICK LAZAR by causing him to be arrested, arraigned and prosecuted in criminal court.

83. Defendants caused plaintiff ERICK LAZAR to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid punishment for their acts of brutality.

84. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

85. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

87. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

88. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

89. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ERICK LAZAR.

90. As a result of the aforementioned conduct, plaintiff ERICK LAZAR suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock,

fright, and loss of freedom.

91. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff ERICK LAZAR.

94. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

98. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

104. As a result of the foregoing, plaintiff ERICK LAZAR is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ERICK LAZAR demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       December 6, 2013

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff ERICK LAZAR
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ERICK LAZAR,

                              Plaintiff,

               -against-

CITY OF NEW YORK, RALPH TRICE, Individually,
ROBINSON MARTINEZ, Individually, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                             Defendants.

------------------------------------------------------------------------X

13 CV 05761 (JGK)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100